**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4764

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RANDELL LEE PROCTOR,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:23-cr-00074-1)

_____

Submitted:  October 3, 2025                     Decided:  October 22, 2025

_____

Before QUATTLEBAUM and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Clint Carte, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Amy L. McLaughlin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Randell Lee Proctor for possession of a firearm by a person convicted of misdemeanor crimes of domestic violence, in violation of 18 U.S.C. § 922(g)(9).  Proctor moved to dismiss the indictment, arguing that § 922(g)(9) violates the Second Amendment following *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (holding that firearm regulation is valid under Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation").  After the district court denied the motion, Proctor pled guilty, without a plea agreement, and the district court sentenced him to 48 months' imprisonment.

On appeal, Proctor maintains that § 922(g)(9) is facially unconstitutional following *Bruen*.  He concedes, however, that his challenge to the statute is foreclosed by our recent decision in *United States v. Nutter*, 137 F.4th 224, 226, 229-33 (4th Cir. 2025), *petition for cert. filed*, No. 25-5339 (U.S. Aug. 13, 2025), in which we held that § 922(g)(9) remains facially constitutional following *Bruen*.  We agree that *Nutter* controls and therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*